**Willis O. GREENE, Plaintiff,**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 73–11–BK.**

United States District Court, S. D. West Virginia, Beckley Division.

Dec. 2, 1975.

E. Carl Meadows, Jr., Beckley, W. Va., for plaintiff.

John A. Field, III, U. S. Atty., Charleston, W. Va., for defendant.

## MEMORANDUM ORDER

DENNIS R. KNAPP, Chief Judge.

This is an action under Section 205(g) of the Social Security Act, 42 U. S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare, which denied plaintiff's application for a period of disability or to disability insurance benefits under the provisions of the Social Security Act, as amended.

This action is pending before this Court upon the defendant's Motion for Summary Judgment filed on November 14, 1973.

The plaintiff filed his first application for a period of disability or disability insurance benefits on January 23, 1964, which application was denied initially and on reconsideration. The Appeals Council, after a previous remand to the administrative law judge for further proceedings, on February 21, 1967, denied the plaintiff's request for review of the administrative law judge's decision denying the plaintiff's application for a period of disability or disability insurance benefits. The plaintiff did not pursue his right of appeal on this application. A second application was filed on June 4, 1968, which was also denied. Again the plaintiff did not pursue his right of appeal. On December 16, 1971, the plaintiff filed his third application seeking a period of disability and disability insurance benefits. This third application was denied initially and on reconsideration and is presently before this Court for judicial review of the Secretary's decision which was adverse to the plaintiff.

The plaintiff in his first application alleged disability from January 18, 1963, because of bronchitis and asthma. His second application alleged disability in "about 1961" due to asthma, bronchitis and a heart condition. His third and present application alleges disability from "about 1963" due to a lung condition. The plaintiff last met the special insured status on June 30, 1961. Therefore, he must establish that his disability began on or before that date.

The plaintiff testified that he worked as a hand loader in the coal mines for

twenty-five years and that he quit in 1959 when the mines shut down. Plaintiff engaged in timber work for seven years and was also a painter for a gas company for about ten months in 1955. Plaintiff also worked for the Department of Welfare (ADCU) in non-covered employment in 1962 and 1963. The plaintiff in his hearing on August 17, 1966, testified that he quit the ADCU work to accept a job in the copper mines in Montana. (R.125). However, in his testimony given on December 13, 1972, he denied having worked in the copper mines. ("No, sir. I've never worked nowhere out of this state.")

 Although the Social Security Act is remedial legislation and is to be liberally construed, the plaintiff still has the burden of proving his disability. *Cyrus v. Celebrezze*, 341 F.2d 192 (4th Cir.) The award of benefits must rest upon credible proof. *Bailey v. Gardner*, 269 F.Supp. 100 (S.D.W.Va.) The Court has carefully reviewed the whole record, including the various exhibits, and has further carefully considered the findings of the administrative law judge and the facts and conclusions upon which said findings were based, and is of the opinion that the Secretary's decision is supported by substantial evidence.

██ This Court feels compelled to reach the decision supporting the Secretary's position of a denial of a period of disability and disability insurance benefits for two reasons; the first reason being the doctrine of *res judicata* and the prior adjudication of the plaintiff's claim and the second reason being that while there is evidence in the record to indicate that the plaintiff is presently disabled, it does not establish as a matter of law that the plaintiff was disabled within his special insured period.

The reports of Drs. Rasmussen and Borbely of 1968 and 1972 are somewhat speculative in nature and are in conflict with other medical evidence in the record, particularly the report of Dr. Lewin Nevin Fox who treated the plaintiff on October 24 and 28, 1961, wherein he stated that the plaintiff was only partially disabled at that time.

 Our review of the Secretary's findings is limited by the standard that any condition that has its onset or becomes disabling after plaintiff's special insured status expires may not be used as a basis for qualifying under the disability provisions of the law. *Farmer v. Richardson*, 320 F.Supp 421 (S.D,W.Va. 1970). This Court has given due consideration to all of the evidence presented and to the testimony of the plaintiff and his wife. Due consideration of all of the evidence in the record merely places the Court in the position of being faced with a conflict in the medical evidence requiring that the Court defer to the decision of the Secretary insofar as it was based upon such a conflict where conflicting conclusions might be drawn.

Accordingly, it is clear that a decision stating that the Secretary's decision was not based upon substantial evidence cannot be made.

In accordance with the foregoing, it is hereby ordered that the defendant's Motion for Summary Judgment be and the same is hereby granted.

It is further ordered that this matter be stricken from the docket of this Court.